Rebecca K. YARBROUGH, As personal representative of the estate of Brady Kent Stevenson, deceased, Plaintiff-Appellee, Cross Appellant,

v.

David MORGAN, In his official capacity as sheriff of Escambia County, Florida, et al., Defendant-Appellee,

Iris Tatom, ARNP in her Individual capacity, Brandi Clouser, RN in her individual capacity, Alecia K. Craft, RN in her individual capacity, Defendants-Appellants.

No. 16-15905

United States Court of Appeals,
Eleventh Circuit.

(August 30, 2017)

J. Alistair McKenzie, McKenzie Law Firm, PA, Pensacola, FL, for Plaintiff-Appellee

John W. Jolly, Jr., Jolly Peterson Truckenbrod, Tallahassee, FL, for Defendants-Appellants

Before WILSON and NEWSOM, Circuit Judges, and WOOD,* District Judge.

PER CURIAM:

Defendants/Appellants Iris Tatom, Brandi Clouser, and Alecia Craft appeal the district court's denial of their motion for summary judgment on qualified immunity grounds. "[W]e lack interlocutory appellate jurisdiction over the denial of summary judgment on qualified immunity grounds where the sole issues on appeal are issues of evidentiary sufficiency." *Cottrell v. Caldwell*, 85 F.3d 1480, 1485 (11th Cir. 1996). Here, the district court's denial of qualified immunity was based on its "find[ing] that there is a genuine issue of material fact regarding whether Tatom, Clouser, and Craft were deliberately indifferent to [the prisoner's] serious medical need." And the only issue raised by the defendants in their appellate brief is "[w]hether there was sufficient evidence to support a permissible inference as a matter of law that any of [the defendants] were deliberately indifferent to a known medical need." Br. of Appellants at 2 ("Statement of the Issue"); *see also id.* at iii ("The appeal presents a factually complex question concerning whether there was evidence sufficient to defeat summary judgment .... The issue which arises is whether there was sufficient evidence of the subjective intent of the [defendants] to support an inference that any of ... them was deliberately indifferent to a known serious medical need.").

Because the "sole issues on appeal are issues of evidentiary sufficiency," *Cottrell*, 85 F.3d at 1485, we lack interlocutory appellate jurisdiction.

**DISMISSED.**